UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLENN MacPHERSON THOMAS,

                    Plaintiff,

          -against-

JUDGE EDGARDO RAMOS; MICHAEL H. SPORN,
ATTORNEY; JOSH DRATEL, ATTORNEY;
FEDERAL GOVERNMENT,

                    Defendants.

20-CV-3422 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

          Plaintiff, currently incarcerated in the Metropolitan Correctional Center (MCC), brings

this *pro se* action alleging that Defendants are violating his constitutional rights. By order dated

May 4, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is,

*in forma pauperis* (IFP).[1]

## STANDARD OF REVIEW

          The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

(2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter

jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

A review of this Court's records reveals that Plaintiff Glenn MacPherson Thomas has a pending criminal case in this Court. *See United States v. Christian*, No. 12-CR-0626-05 (ER). Plaintiff's complaint is not the model of clarity, but he alleges that Judge Ramos "is violating

[his] due process [rights] not sentencing [him] so [he] can[']t appeal. (ECF No. 2 at 4.)[2] Named as Defendants are Judge Edgardo Ramos, attorneys Michael H. Sporn and Josh Dratel, and the Federal Government. Plaintiff seeks "3 million for the days spent incarcerated suffering and to have another judge come in and sentence me [to] time serve[d] under David case ASAP because Ramos is bias[ed] against me. (ECF No. 2 at 5.)

**DISCUSSION**

**A.     The Court will not intervene in the criminal proceedings before Judge Ramos**

Plaintiff requests that this Court intervene in the federal criminal case against him that is pending before Judge Ramos. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts may not stay or enjoin pending *state* court proceedings except under extraordinary circumstances. Many courts have extended the holding of *Younger* and concluded that federal courts also may not stay or enjoin *federal* prosecutions. This makes sense, since one basis of *Younger*'s holding was that federal courts are bound by the "basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Id.* at 43-44. As the Supreme Court stated in an earlier case:

> It is a familiar rule that courts of equity do not ordinarily restrain criminal prosecutions. No person is immune from prosecution in good faith for his alleged criminal acts. Its imminence, even though alleged to be in violation of constitutional guaranties, is not a ground for equity relief since the lawfulness or constitutionality of the statute or ordinance on which the prosecution is based may be determined as readily in the criminal case as in a suit for an injunction.

---

[2] Page numbers refer to those generated by the Court's electronic filing system.

*Douglas v. City of Jeannette*, 319 US 157, 163 (1943). Accordingly, when asked to intervene in

pending federal criminal proceedings, courts have inevitably refused. *See, e.g., Ceglia v.*

*Zuckerberg*, 600 F. App'x 34, 37-38 (2d Cir. 2015) (summary order) (under *Younger*, a court

may civilly enjoin a criminal prosecution only "where the danger of irreparable loss is both great

and immediate," but "[g]enerally, no danger exists where the defendant has the opportunity to

offer a defense in the criminal prosecution . . . in a federal forum." (citing *Deaver v. Seymour*,

822 F.2d 66, 69 (D.C. Cir. 1987) (affirming denial of an attempt to enjoin prosecution by an

independent counsel, and noting that "in no case that we have been able to discover has a federal

court enjoined a federal prosecutor's investigation or presentment of an indictment")); *Barnes v.*

*Salina*, No. 18-CV-6060-FPG, 2018 U.S. Dist. LEXIS 19421, at *1-3 (W.D.N.Y. Feb. 5, 2018)

(dismissing petition under § 2241 that sought release from custody and dismissal of pending

federal criminal charges: "While *Younger* involved a case where a federal court was asked to

interfere in a pending state criminal prosecution, its equitable principles apply where federal

courts are asked to interfere in a federal criminal action."); *Kajtazi v. Johnson-Skinner*, No. 16-

CV-9434 (AJN), 2017 U.S. Dist. LEXIS 13364, at *1-8 (S.D.N.Y. Jan. 30, 2017) ("Because

'[t]here are adequate remedies available to [Plaintiff] within the underlying criminal proceedings

to address the issues raised' in his Complaint, the application for an injunction is properly

dismissed." (quoting *Ali v. United States*, 12-cv-816A, 2012 U.S. Dist. LEXIS 132463, 2012 WL

4103867, at *2 (W.D.N.Y. Sept. 14, 2012) (dismissing petition under § 2241)); *Buczek v. Bruce,*

09-cv-1129, 2011 U.S. Dist. LEXIS 55409, at *13 (W.D.N.Y. May 19, 2011); *Kantipuly v. Ross*,

No. 06-CV-792E, 2007 U.S. Dist. LEXIS 104605, at *4-5 (W.D.N.Y. Jan. 17, 2007) (collecting

cases); *Campbell v. Chase Nat'l Bank*, 5 F. Supp. 156, 167 (S.D.N.Y. 1933), *aff'd*, 71 F.2d 671

(2d Cir. 1934) (dismissing suit against United States Attorney, which sought to enjoin

prosecution of indictment; "Campbell has raised the constitutional question here involved in the criminal case by his demurrers, and that question can be decided as well there as on the equity side of the court. Campbell has, therefore, an adequate remedy at law – that it may not be such an agreeable remedy from his point of view is beside the point.").

If Plaintiff wishes to litigate the claims raised in this complaint or raise objections to the ongoing criminal proceedings, he should file the appropriate motion in the criminal action. If he is not satisfied with the result, he may raise the issue on direct appeal or in a motion under 28 U.S.C. § 2255.

Plaintiff must be sure to write the docket number for his criminal case, 12-CR-0626-05 (ER), on any submission he sends to the Court with respect to his criminal case.

## B.     Judge Ramos is entitled to absolute judicial immunity

Even if Plaintiff were able to assert a viable claim, his claims against Judge Edgardo Ramos must be dismissed.

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated, or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff's claims against Judge Ramos arise of out of his rulings and actions while presiding over Plaintiff's criminal case in this Court; such rulings and actions are within the scope of his judicial capacities and jurisdiction. The Court therefore dismisses Plaintiff's claims against Judge Ramos under the doctrine of judicial immunity and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute]."); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed as barred by the *Younger* abstention doctrine, and under the doctrine of judicial immunity and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

All other requests are denied as moot.

Chambers will mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   May 5, 2020
         New York, New York

_Louis L. Stanton_

Louis L. Stanton
U.S.D.J.